UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN FUDGE #11794-040,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                      /

File No.  1:06-CV-695

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on Movant Melvin Fudge's first motion to amend his §2255 motion to vacate, set aside or correct his sentence.  (Mot. to Am., Docket #13.)  Defendant filed his original § 2255 motion on September 25, 2006.  (Movant's Section 2255 Mot., Docket #1.)  The United States filed a response on January 3, 2007.  (United States' Resp., Docket # 8.)  Movant filed a reply on February 5, 2007.  (Movant's Reply, Docket #11.)  Movant filed the motion to amend on April 13, 2007.  Movant seeks to add two additional arguments for why his trial counsel was ineffective.  For the reasons that follow, Movant's motion to amend is granted in part as to the double jeopardy basis for ineffective assistance of counsel and denied in part as to the quantity of cocaine base basis for ineffective assistance of counsel.

**I.**

On July 22, 2004, a jury convicted Movant of possession of cocaine and cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and commission of a drug-trafficking offense within 1,000 feet of a school, 21 U.S.C. §§ 860(a), 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C).  Movant was sentenced to 168 months of imprisonment on Count 1 and life imprisonment on Count 2, to be served concurrently.  Movant was sentenced to 8 years of supervised release on Count 1 and 10 years of supervised release on Count 2, to be served concurrently.  Movant appealed to the Sixth Circuit and the Sixth Circuit issued a mandate affirming Movant's conviction on April 28, 2006.  Movant did not file a petition for a writ of certiorari with the United States Supreme Court, so his conviction became final on July 27, 2006.  *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Rule 13 ¶ 1, Rules of the Supreme Court of the United States (providing that a party may file a petition for a writ of certiorari within 90 days of the entry of judgment).

Movant's original § 2255 motion alleged eight grounds on which his sentence should be vacated, set aside or corrected.  First, Movant alleges that his Fourth Amendment rights were violated because a hearing was required by *Franks v. Delaware*, 438 U.S. 154 (1978), but no *Franks* hearing was held.  Second, Movant alleges that his Sixth Amendment rights were violated because his trial counsel was ineffective insofar as she failed to request a

2

*Franks* hearing. Third, Movant alleges that his counsel on appeal was ineffective. Fourth, Movant alleges that his due process rights were violated by the use of perjured testimony. Fifth, Movant alleges that the government failed to disclose evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963). Sixth, Movant alleges that the evidence presented at trial was insufficient to support a finding that he possessed and intended to distribute the cocaine and cocaine base that was found outside of his apartment. Seventh, Movant alleges that his sentence was invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), and that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. Eighth, Movant alleges that the trial court lacked subject-matter jurisdiction because the statutes under which he was tried and sentenced were not validly enacted.

## II.

A motion to amend a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. 28 U.S.C.A. § 2242 (West 2006); Rule 12, Rules Governing § 2255 Proceedings. As the United States has already filed a response to Movant's § 2255 motion, Movant may only amend his motion by leave of Court. FED. R. CIV. P. 15(a). Under Rule 15(a) leave to amend "shall be freely given when justice so requires." *Id.* In determining whether to grant leave to amend, the Court considers:

> "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ."

3

*Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). A motion to amend should not, however, be evaluated purely on timeliness grounds. *Coe*, 151 F.3d at 342 (explaining that "'[d]elay by itself' is not sufficient to deny a motion to amend"). "[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

### III.

Movant seeks to amend his original § 2255 motion to include two additional bases on which his trial counsel was allegedly ineffective. First, Movant alleges that his trial counsel was ineffective because she failed to object to an alleged error in the calculation of how much cocaine base Movant possessed. Second, Movant alleges that his trial counsel was ineffective because she failed to raise an alleged violation of the Double Jeopardy Clause of the Fifth Amendment.

**A. Quantity of Cocaine Base Required for the Imposition of a Life Sentence**

Movant was convicted of possessing in excess of 35 grams of cocaine base and in excess of 25 grams of cocaine, with the intent to distribute. (Trial Tr. 466:24-468:4, *United States v. Fudge*, No. 1:04-CR-77, Docket #66 (providing the jury instruction for Count 1); Jury Verdict, *United States v. Fudge*, No. 1:04-CR-77, Docket #51.) Movant was also convicted of committing a drug-tracking offense within 1,000 feet of a school, 28 U.S.C. § 860(a). (Jury Verdict.) Movant seeks to amend his § 2255 motion to include an allegation that his trial counsel was ineffective because she failed to raise an objection that Movant was

4

not convicted of possessing a sufficient quantity of cocaine base to be subject to a mandatory life sentence under 28 U.S.C. §§ 860(a), 841(b)(1)(A).

Section 860(a) provides that a violation of § 841(a)(1) for possessing a controlled substance with the intent to distribute that occurred within a 1,000 feet of a school is subject to twice the maximum punishment authorized by § 841(b). 28 U.S.C. § 860(a) (West 1999 & Supp. 2006). Section 841(a) makes it unlawful to possess a controlled substance with the intent to distribute, while § 841(b) is divided into subsections that provide for varying penalties based on the quantity of the controlled substance that was possessed. Count 2 of the indictment, which charged possession with intent to distribute within a 1,000 feet of a school, referred to § 841(a)(1), (b)(1)(B)(iii) and (b)(1)(C). (Indictment, *United States v. Fudge*, No. 1:04-CR-77, Docket #1, at 2.) There was not a superseding indictment or any other amendment to the original indictment.

A defendant cannot be convicted of an offense that was not included in the indictment. *United States v. Cotton*, 535 U.S. 625, 631 (2002) ("'[A]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form' . . . ." (quoting *Russell v. United States*, 369 U.S. 749, 770 (1962))); *United States v. Reasor*, 418 F.3d 466, 474 (5th Cir. 2005) ("Neither the courts nor the prosecutor may change the charge in the indictment put forward by the grand jury, because the Fifth Amendment guarantees that no person shall be held to answer for a capital or infamous crime unless on presentment or indictment of a grand jury."). The jury could only have convicted Movant of the offenses

in the indictment and the Court could only sentence Movant for the offenses on which he had been convicted. Therefore, Movant was sentenced for possession of cocaine and cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and commission of a drug-trafficking offense within 1,000 feet of a school, 21 U.S.C. §§ 860(a), 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C). The reference to 21 U.S.C. § 841(b)(1)(A) at sentencing and in the judgment were errors.[1] The question then is, whether Movant's life sentence is valid under 21 U.S.C. §§ 860(a), 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C).

Movant was convicted under 21 U.S.C. § 860(a) of committing a drug-trafficking offense in violation of 21 U.S.C. § 841(a)(1) within 1,000 feet of a school. The violation of § 841(a)(1) was further specified as a violation of 21 U.S.C. § 841(b)(1)(B)(iii), (b)(1)(C). A person convicted under § 860(a) is subject to twice the maximum punishment authorized by § 841(b). 21 U.S.C.A. § 860(a) (West 2006). To determine the validity of Movant's sentence, the Court must inquire as to the maximum sentence authorized by § 841(b).

Movant was convicted under § 841(b)(1)(B)(iii). A conviction under § 841(b)(1)(B)(iii) requires that the person possessed "5 grams or more of a mixture or substance . . . which contains cocaine base . . . ." 21 U.S.C.A. § 841(b)(1)(B)(iii) (West 2006). Movant was convicted of possessing 35 grams of cocaine base with the intent to

---

[1] Though the Court erroneously referred to § 841(b)(1)(A) in the judgment and at sentencing, the jury instructions conform to the statutory subsections listed in the indictment.

6

distribute. Therefore, Movant was convicted of possessing a quantity sufficient for the application of § 841(b)(1)(B)(iii).

Section 841(b)(1)(B) provides a maximum penalty of life imprisonment for a person who is convicted under that subsection and who has a prior felony drug conviction which has become final. Movant had three prior felony drug convictions. (Sentencing Hr'g Tr. 6:1-17, *United States v. Fudge*, No. 1:04-CR-77, Docket #67.) Therefore the maximum penalty under § 841(b)(1)(B) was life imprisonment and § 860(a) required the imposition of the maximum punishment applicable under § 841(b). Movant was convicted of possessing seven times the required amount of cocaine base for the maximum available sentence under § 841(b)(1)(B), life imprisonment, to be applicable. Movant's contention that the quantity of cocaine base he was convicted of possessing was insufficient to impose a life sentence is without merit. In light of the futility of Movant's pursuit of the contention that his trial counsel was ineffective by not objecting based on the quantity of cocaine base, Movant's motion to amend his §2255 motion to include this contention is denied.

**B. Double Jeopardy**

Movant seeks to amend his § 2255 motion to contend that his trial counsel was ineffective for failing to object to Movant being sentenced on both § 841(a)(1) and § 860(a) based on the Double Jeopardy Clause of the Fifth Amendment . Though the Sixth Circuit has not resolved this question, several courts of appeal have concluded that § 841(a)(1) is a lesser included offense of § 860(a) and therefore a defendant cannot be sentenced under both

7

§ 841(a)(1) and § 860(a).  *United States v. Jackson*, 443 F.3d 293, 301-02 (3rd Cir. 2006); *United States v.* Carpenter, 422 F.3d 738, 747 (8th Cir. 2005);  *United States v. White*, No. 00-1113, 2001 U.S. App. LEXIS 28426, at *11-15 (2d Cir. Feb. 13, 2001) (unpublished); *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1507 (11th Cir. 1993).  In consideration of these cases, the Court cannot conclude that Movant's amended motion would be futile.

Movant filed his motion to amend within the one-year statute of limitations, so even if the amendment does not relate back to the date of his original § 2255 motion, Movant's § 2255 motion is still timely.  There is nothing in the record which suggests that there was undue delay by Movant in filing his motion to amend.  The motion to amend was sent to the United States Attorney, so the opposing party had notice.  Additionally, Movant's original § 2255 motion raised the issue of ineffective assistance of counsel, though the ineffective assistance claim in the original motion was not premised on the failure to raise this double jeopardy issue.  There is also no evidence of bad faith on the part of Movant.  The only apparent prejudice to the United States is that the government will be required to file a response to the amended § 2255 motion, however, that cannot constitute undue prejudice as the non-amending party is always required to file a new response when leave to amend is granted under Rule 15(a).  Therefore, Movant's motion to amend his § 2255 motion is granted with respect to his contention that his trial counsel was ineffective in failing to object based on double jeopardy.

**IV.**

Movant's motion to amend his § 2255 motion is granted in part as to Movant's contention that his trial counsel was ineffective for failing to object to an alleged violation of double jeopardy.  Movant's motion to amend his § 2255 motion is denied in part as to Movant's allegation that his trial counsel was ineffective for failing to object to Movant's sentence based on the quantity of cocaine base Movant was convicted of possessing.  An order will be entered consistent with this opinion.

Date:   May 14, 2007              /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE