UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MELVIN FUDGE #11794-040,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

File No. 1:06-CV-695

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant's motion to reconsider the Court's order partially denying Movant leave to amend his motion brought under 28 U.S.C. § 2255. (Dkt. No. 14, 05/14/2007 Order; Dkt. No. 16, Movant's Mot. to Recons.) In his original § 2255 motion, Movant alleged several reasons why his trial counsel was ineffective. (Dkt. No. 1.) Subsequently, Movant filed a motion to amend his § 2255 motion in order to add two additional arguments for why his counsel was ineffective. (Dkt. No. 13.) The Court granted Movant's motion to amend with respect to one argument, and denied Movant's motion to amend with respect to another. (Dkt. No. 15.) Movant filed the instant motion to have the Court reconsider its order.

According to the Local Rules for this Court, motions to reconsider which "merely present the same issues ruled upon by the Court shall not be granted." W.D. Mich. LCivR 7.4(a). Movant must show a "palpable defect by which the Court and the parties have been

mislead," as well as show that "a different disposition of the case must result from a correction thereof." *Id.* Movant's motion for reconsideration does not raise any issues that were not already considered by the Court. However, the government has brought to the Court's attention additional considerations bearing on the Court's May 14, 2007, order; thus, further discussion of Movant's motion to amend is warranted.

The indictment in Movant's criminal case indicates that he was charged, in Count 2, with drug trafficking within 1000 feet of an elementary school, pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C), and 860(a). (File No. 1:04-CR-77, Dkt. No. 1, Indictment 2.) However, Movant's judgment and sentencing in Count 2 refer to a conviction under 21 U.S.C. § 841(b)(1)(A). (File No. 1:04-CR-77, Dkt. No. 58.) In his motion to amend the § 2255 motion, Movant sought to add the argument that his counsel was ineffective in not bringing this alleged error to the attention of the Court. Reasoning that a person cannot be convicted of an offense that is not included in the indictment, the Court determined that the reference to § 841(b)(1)(A) in the judgment and sentencing was an error, but one that did not impact Movant's sentence. (Dkt. No. 15, 04/14/2007 Op. 5-7.) Given the "futility" of this additional basis for Movant's § 2255 motion, the Court denied Movant's motion to include this as an additional claim in his § 2255 motion. (Dkt. No. 16, 04/14/2007 Order.)

In his motion for reconsideration, Movant contends that the Court's "futility review" is not found in any statute, court rule, or case law. However, the Court quoted *Coe v. Bell*,

161 F.3d 320, 341 (6th Cir. 1998), as stating that "futility of amendment" is one factor to consider in whether to grant leave to amend, a factor reiterated in *Prater v. Ohio Education Association*, 505 F.3d 437, 445 (6th Cir. 2007).

For the reasons discussed below, the Court now determines that the reference in the judgment and sentence to § 841(b)(1)(A) was correct. On May 12, 2004, after Movant's indictment, Respondent submitted a formal Information and Notice of prior drug-related convictions pursuant to 21 U.S.C. § 851. (File No. 1:04-CR-77, Dkt. No. 21, Notice.) As indicated in the notice, the prior convictions made Movant subject to a mandatory life sentence under § 841(b)(1)(A) in the event of a conviction under § 860. *See United States v. Layne*, 192 F.3d 556, 575 (6th Cir. 1999) (affirming the constitutionality of enhancement of sentence through the notice procedures of § 851); *United States v. Bradley*, 400 F.3d 459, 462-63 (6th Cir. 2005) (affirming that prior convictions do not need to be proven to the jury). Section 841(b(1)(A) provides that "If any person commits a violation of . . . [21 U.S.C. § 860] . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . ." Section 860 provides for penalties for violating § 841(a)(1) by "distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of" a school. Thus, notwithstanding the Court's April 14, 2007, opinion, the reference in Movant's judgment and sentence to § 841(b)(1)(A) was correct because Movant violated §§ 841(a)(1) and 860 and was subject to the life sentence imposed

3

under § 841(b)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion to reconsider (Dkt. No. 16) is **DENIED**.


Dated:  September 30, 2009                         /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE