UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN FUDGE #11794-040,

    Movant,

v.

    File No. 1:06-CV-695

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
    _____/

## **O P I N I O N**

This matter is before the Court on Movant Melvin Fudge's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Defendant filed his original § 2255 motion on September 25, 2006. (Dkt. No. 1.) The United States filed a response on January 3, 2007. (Dkt. No. 8.) Movant filed a reply on February 5, 2007. (Dkt. No. 11.) Movant filed a motion to amend (Dkt. No. 13), which the Court granted in part and denied in part. (Dkt. Nos. 14, 15, 05/14/2007 Op. & Order.) Respondent filed a response to the amended § 2255 motion. (Dkt. No. 17.) Movant filed a reply to the response. (Dkt. No. 19.)

**I. Background**

On March 5, 2004, police officers executed a search warrant to search Movant's apartment building. While executing the warrant, a witness across the street saw a sock thrown from the building and alerted the police officers. The officers examined the sock and discovered 36 grams of cocaine base ("crack") and 33 grams of powder cocaine. Officers

then saw Movant running from the basement of the apartment building and pursued and arrested him. Officer Gene Tobin placed Movant in a police cruiser and later questioned him. Movant confessed to Officer Tobin that he had thrown the sock from the building. In the apartment building, officers discovered a police scanner, a box of plastic baggies, a digital scale, and two-way radios. Officers also discovered surveillance cameras aimed at the front and rear exits of the building that were wired to televisions in Movant's apartment.

On April 7, 2004, Movant was charged with one count of possession with intent to distribute 36 grams of cocaine base and 33 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"), and one count of possession with intent to distribute 36 grams of cocaine base and 33 grams of cocaine within 1,000 feet of an elementary school in violation of 21 U.S.C. § 860(a) ("Count 2"). (*United States v. Fudge*, File No. 1:04-CR-77, Dkt. No. 1, Indictment.) On July 22, 2004, a jury convicted Movant on both counts. Movant was sentenced to 168 months of imprisonment and eight years of supervised release on Count 1, and life imprisonment and 10 years of supervised release on Count 2, to be served concurrently. (File No. 1:04-CR-77, Dkt. No. 58, J. in Crim. Case.) The Court also imposed a $100 assessment on each count, as well as a $10,000 fine. (*Id.*)

Movant's § 2255 motion alleges nine grounds on which his sentence should be vacated, set aside or corrected. First, Movant alleges that his Fourth Amendment rights were violated because a hearing was required by *Franks v. Delaware*, 438 U.S. 154 (1978), but no *Franks* hearing was held. Second, Movant alleges that his Sixth Amendment rights were

violated because his trial counsel was ineffective for failing to request a *Franks* hearing. Third, Movant alleges that his counsel on appeal was ineffective. Fourth, Movant alleges that his due process rights were violated by the use of perjured testimony. Fifth, Movant alleges that the Government failed to disclose evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963). Sixth, Movant alleges that the evidence presented at trial was insufficient to support a finding that he possessed and intended to distribute the cocaine and cocaine base found outside of his apartment. Seventh, Movant alleges that his sentence was invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), and that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. Eighth, Movant alleges that the trial court lacked subject-matter jurisdiction because the statutes under which he was tried and sentenced were not validly enacted. Ninth, Movant alleges that his trial counsel was ineffective because she did not object based on the Double Jeopardy Clause of the Fifth Amendment to Movant being convicted and sentenced under both § 841(a)(1) and § 860(a) for the same underlying conduct.

## II. Standard

A prisoner who moves to vacate his sentence under § 2255 must show that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.

28 U.S.C. § 2255. To prevail on a § 2255 motion the movant "must demonstrate the

existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Generally, where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). To satisfy the "cause" test, a petitioner must show that "some objective factor external to the defense" kept him from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

4

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. Moreover,

> [the statute] does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made.

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). In addition, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III. Analysis

**A. Ground One: Court's Failure to Hold a *Franks* Hearing**

First, Movant alleges that the Court erred in failing to hold a *Franks* hearing to determine whether the search warrant was valid. *See Franks v. United States*, 438 U.S. 154 (1978). However, it was the Movant's obligation, not the Court's, to request such a hearing

5

and to make a "substantial preliminary showing" that it was warranted. *See id.* at 155-56 (stating that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . the Fourth Amendment requires that a hearing be held *at the defendant's request*") (emphasis added). Movant has not indicated that the Court denied a request for such a hearing; indeed, Movant contends that his counsel was ineffective for failing to request such a hearing. (Dkt. No. 2, Movant's Mem. in Supp. 10.) Thus, Movant's claim that the Court was in error for not holding a hearing is without merit.

**B. Ground Two: Ineffective Assistance of Counsel for Failure to Request a *Franks* Hearing.**

Movant also alleges that his trial counsel was ineffective in failing to request a *Franks* hearing. Movant alleges that certain statements in the warrant used to uncover evidence of criminal conduct at his residence are false. In the affidavit in support of the warrant, Officer Gootjes stated:

> Your affiant conducted a trash pull on February 24, 2004. Inside the trash bags were mail with the name of Melvin Fudge at 921 East Fulton Street #2. Inside the trash bags was cocaine and marijuana residue. . . . Your affiant conducted another trash pull on March 5, 2004. Inside the trash was mail with the name of Melvin Fudge at 921 East Fulton Street #2. Also inside the trash was approximately 8 clear plastic bags with the corners tied off. . . . There was cocaine residue in some of these bags.

(Dkt. No. 2, Movant's Mem. in Supp., Ex. A.) Movant claims that these statements are false because Movant alleges that he did not live at 921 East Fulton Street, but at 925 East Fulton Street. (Dkt. No. 2, Movant's Mem. in Supp. 8.)

6

Attached to his brief in support of his § 2255 motion, Movant provides a copy of a lease and an electric bill showing his name and the 925 address. (Dkt. No. 2, Movant's Mem. in Supp., Ex. E.) Movant contends that mail with the 921 address did not exist, that it was never produced at trial, and that counsel was ineffective for failing to challenge this basis for the search warrant.

In order to prevail on his Sixth Amendment claim of ineffective assistance of counsel, Movant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced Movant and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. In determining whether counsel's performance was deficient, the inquiry "must be highly deferential":

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Id.* at 689-90. In determining whether counsel's performance was prejudicial, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Courts are not required to conduct an analysis under both prongs of the *Strickland* test, if the claim can be disposed under one prong. *Id.* at 697; *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003).

Because Movant alleges that his counsel did not competently litigate a Fourth Amendment claim, to demonstrate prejudice, he must show that his Fourth Amendment claim is meritorious and that there is a "reasonable possibility" that the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). In *Franks*, the Supreme Court set forth the standard for whether a hearing is required to evaluate allegedly false statements in an affidavit supporting a warrant, and the standard that the defendant must meet at that hearing to void the warrant. *See Franks*, 438 U.S. at 155-56. To obtain a *Franks* hearing, a defendant must make:

> . . . a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is *necessary* to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id.* (emphasis added). Movant cannot make the required showing in the instant case. First, it is not clear that the challenged statement is false. Movant has provided copies of a lease and electricity bill addressed to Movant at 925 East Fulton. (Dkt. No. 2, Movant's Mem. in Supp., Ex. E.) Movant contends that the lease and mail show that he never lived at the 921 address. However, Officer Gootjes testified that the building displays both 921 and 925 as

its address. (Trial Tr. I at 100.)¹ Movant himself testified that the number "921" is displayed on the front of the building. (Trial Tr. II at 194.) In addition, the director of the organization that owns the building testified that it was known in their records as "921 Fulton." (Trial Tr. I at 52.)

Second, the alleged errors in the warrant were not material to the validity of the warrant. The Fourth Amendment requires that a warrant "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Under this requirement, the Court must determine "(1) whether the place to be searched is described with sufficient particularity as to enable the executing officers to locate and identify the premises with reasonable effort; and (2) whether there is a reasonable possibility that some other premises may mistakenly be searched." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 479 (6th Cir. 2006) (quoting *United States v. Gahagan*, 865 F.2d 1490, 1497 (6th Cir. 2005)). The description of a place to be searched need not be "technically accurate in every detail[.]" *Id.* at 480 (quoting *United States v. Pelayo-Landero*, 285 F.3d 491, 496 (6th Cir. 2002)). Courts have upheld warrants where the address on the warrant was not correct, but other accurate information identified the place to be searched. *See id.* In Movant's case, the warrant accurately identified a "cream two story apartment building," in the 920 block of Fulton street. In addition, the officer that signed the affidavit, Officer Gootjes, was one of the officers that conducted the search pursuant to the warrant. *See United States v. Durk*, 149

---

¹References to the trial transcript from Movant's criminal trial shall be referenced according to their volume and page number as follows: "Trial Tr. [vol] at [page]."

F.3d 464, 466 (6th Cir. 1998) (finding warrant valid where "additional circumstances" exist, such as the fact that the officer executing the search was also the one that signed the warrant affidavit). The director of the organization that owned Movant's apartment building testified that Movant was the building's only tenant at the time of the search. (Trial Tr. I at 55-56.) Following a search of the premises, police found no indication of any other persons residing in the building other than Movant. (Trial Tr. II at 24.) Considering the foregoing, there was no reasonable possibility that, even with the alleged error in the warrant, "another premises might be mistakenly searched." *Durk*, 149 F.3d at 479.

Finally, the alleged errors in the warrant were not material because the envelopes with Movant's name and address were not the only basis for probable cause to search Movant's building. The warrant affidavit noted complaints from neighbors about individuals parking outside Movant's building, entering the building for a few minutes, and leaving. (Dkt. No. 2, Movant's Br. in Supp., Ex. A, Warrant Affidavit.) Police surveillance confirmed this activity. (*Id.*) The affidavit also noted that police stopped individuals leaving the building and made one arrest for possession of crack cocaine. (*Id.*) The evidence of the drug residue in the trash pulled from the building further supported the suspicion of the presence of drugs in the building. (*Id.*) *See United States v. Roberson*, No. 08-3489, 2009 WL 1649194, at *5 (6th Cir. Jun. 12, 2009) (citing cases affirming existence of probable cause in analogous circumstances).

Movant's reliance on *Steagald v. United States*, 451 U.S. 204 (1981) is misplaced

because Movant does not claim, as did the petitioner in *Steagald*, that the government impermissibly used a warrant identifying another person to search Movant's home. *See id.* at 213. The warrant in Movant's case identified both Movant and the building where he resided.

For the foregoing reasons, the Court determines that Movant's Fourth Amendment claim is without merit and, thus, the conduct of Movant's counsel was not "objectively unreasonable" for failing to request a *Franks* hearing.

**C. Ground Three: Ineffective Assistance of Appellate Counsel**

Movant alleges three bases for ineffective assistance of his appellate counsel: (1) failure to allege ineffective assistance of counsel based on failure of trial counsel to request a *Franks* hearing; (2) failure to challenge the district court's instruction to the jury on the government's burden of proof with respect to the elements of the crime; and, (3) failure to challenge Movant's sentence as unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).

1. Failure to Raise Issue of *Franks* hearing.

Movant's claim of ineffective assistance of appellate counsel with respect to the conduct of trial counsel in failing to request a *Franks* hearing appears to be based on the same issue of allegedly false statements in the warrant affidavit. This claim is meritless for the reasons stated in Section III.B, *supra*.

2. Failure to Challenge Jury Instruction

Movant does not identify any error in the jury instructions and, thus, offers no basis for objection. Movant has not shown that his counsel was ineffective for failure to challenge the instructions.

3. Failure to Challenge Sentence Based on *Booker*.

Movant argues that his counsel should have challenged his sentence under *United States v. Booker*, 543 U.S. 220 (2005), though Movant does not indicate the basis for such a challenge. *Booker* reaffirmed the holding in *Apprendi*, stating:

> Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Booker,* 543 U.S. at 244. In Count 2, Movant was convicted under 21 U.S.C. § 860 of possession of a controlled substance with intent to distribute within 1,000 feet of a school. Because of prior convictions, Movant was subject to a mandatory minimum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A). *Booker* has no bearing on such a sentence. *United States v. Paige*, 470 F.3d 603, 612 (6th Cir. 2006) (citing *United States v. Smith*, 419 F.3d 521, 531-32 (6th Cir. 2005)) ("[R]emand is not required by *Booker* when the defendant has been sentenced to a statutory mandatory minimum sentence."). Moreover, the facts of prior convictions do not need to be proven to a jury. *United States v. Hamer*, 319 F. App'x 366,

12

369 (6th Cir. 2009).[2]

**D. Ground Four: Due Process**

Movant argues that his right to due process of law was violated when the Government used "perjured" testimony to obtain his conviction. Movant asserts that, in order to preserve the validity of the search warrant for Movant's residence, Officer Gootjes lied about the address listed on Movant's mail procured during the two trash pulls. Movant also contends that Officer Tobin committed perjury when he testified that Movant confessed to possession of a cocaine-filled sock. This claim is procedurally barred because Movant did not raise it on direct appeal. Movant has not shown cause and prejudice for failing to do so.

Even if it were not procedurally barred, this claim is meritless because Movant has not shown that any testimony was perjured, or that such testimony was used knowingly by the prosecution. *See United States v. Jennings*, 40 F. App'x 1, 7 (6th Cir. 2001) (stating that, to show a due process violation by the use of perjured testimony, an appellant must show that "the statement was false, the statement was material, and the prosecution knew it was false") (citing *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986)). Movant has the burden to make this showing. *O'Dell*, 805 F.2d at 641.

In addition, as discussed in Section III.B, *supra*, Officer Gootjes's testimony regarding whether the mail that he discovered listed a 921 address or a 925 address is not material to the validity of the search warrant. Finally, Officer Tobin's allegedly perjured testimony was

---

[2]Because the Court vacates Count 1 per Section III.I, *infra*, it declines to address Movant's claim with respect to that count.

corroborated by Officer Gootjes, who testified that, shortly after Officer Tobin questioned Movant, Officer Tobin stated to Officer Gootjes "You owe me one" and confirmed to Officer Gootjes that Movant had confessed. (Trial Tr. I at 93.)

**E. Ground Five: Failure to Disclose Evidence**

Movant contends that the prosecution failed to disclose the pieces of mail obtained by Officer Gootjes during the trash pulls and that this failure amounts to suppression of evidence in violation of *Brady v. Maryland* and Movant's right to a fair trail. *Brady* "established the prosecutor's duty to disclose to the defendant exculpatory evidence, defined as material evidence that would have a bearing upon the guilt or innocence of the defendant." *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

Movant procedurally defaulted this claim by not raising it on direct review. Thus, to assert a *Brady* violation, Movant must show that "(1) evidence favorable to the petitioner, whether exculpatory or for impeachment purposes (2) was suppressed by the government, and (3) the petitioner suffered prejudice as a result." *Apanovitch v. Houk*, 466 F.3d 460, 474 (6th Cir. 2006). Movant has not shown that there is any evidence "favorable" to him that was suppressed. Assuming there existed envelopes listing a 925 address rather than the 921 address set forth in the search warrant, Movant has not shown that the absence of these envelopes prejudiced him, for the reasons stated in Section III.B. At best, such envelopes might have been used to impeach Officer Gootjes regarding an immaterial fact in his

14

affidavit in support of the search warrant. This is insufficient to show that Movant was prejudiced. Moreover, Movant's claim that the envelopes were "suppressed" is without merit because Movant's counsel was aware of the envelopes and cross-examined Officer Gootjes regarding their contents.[3] (Trial Tr. I at 99-102.) *See Apanovitch*, 466 F.3d at 474 (the *Brady* rule only encompasses evidence known to the prosecution but unknown to the defense).

### F. Ground Six: Insufficient Evidence to Support Conviction

Movant contends that there was insufficient evidence on which to convict him of possession with intent to distribute the drugs found near his residence. Respondent notes that, because this issue has already been addressed on direct appeal, it cannot be re-litigated under a § 2255 motion unless "highly exceptional circumstances" are present, such as a change in the law. *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Movant has not offered any exceptional circumstances meriting collateral review of this issue.

### G. Ground Seven: Invalid Sentence and Cruel/Unusual Punishment

Movant alleges that, because the Federal Sentencing Guidelines are advisory his sentence exceeds the statutory maximum authorized by law. However, as discussed in Section III.C, Movant was sentenced to the statutorily mandated minimum set forth in 21 U.S.C. §§ 860 and 841(b)(1)(A) for his offenses.

Movant also asserts that his life sentence is grossly disproportionate to the severity of the crime and thus violates the Eighth Amendment's prohibition of cruel and unusual

---

[3]The government also asserts that the envelopes were made available to Movant's counsel for inspection prior to the trial.

punishment. The Eighth Amendment "does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J. concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288, 303 (1983)). In *Harmelin*, the Supreme Court upheld a mandatory life sentence without possibility of parole for *possession* of over 650 grams of cocaine. *Id.* at 961. Movant is a repeat drug offender found guilty of possessing 36 grams of cocaine base with intent to distribute in close proximity to a school. This quantity of cocaine base, in combination with Movant's prior convictions, his intent to distribute, and the location of his offense in proximity to a school, leads the Court to conclude that his life sentence without possibility of parole does not violate the Eighth Amendment.

**H. Ground Eight: Lack of Subject Matter Jurisdiction**

Movant argues that the Court lacked subject matter jurisdiction in his criminal matter, contending that Congress does not have power to regulate the conduct for which he was convicted. Notwithstanding Movant's contentions, the Court has jurisdiction to hear cases arising under the Controlled Substances Act, 21 U.S.C. § 801, and courts have repeatedly rejected jurisdictional challenges to this Act, including challenges based on the scope of Congress' regulatory power. *See United States v. Tucker*, 90 F.3d 1135, 1139-41 (6th Cir. 1996).

## I. Ground Nine: Double Jeopardy

Movant contends that his trial and appellate counsel were ineffective for failing to object, based on the Double Jeopardy Clause of the Fifth Amendment, to Movant being sentenced under both § 841(a)(1) and § 860(a). To succeed on an ineffective assistance claim, *Strickland* requires that Movant show that his counsel's performance fell below an objective standard of reasonableness and that Movant was prejudiced as a result of counsel's performance. *Strickland*, 466 U.S. at 687-88. Movant is correct that his convictions violate the Double Jeopardy Clause. The Sixth Circuit Court of Appeals has concluded that § 841(a)(1) is a lesser-included offense of § 860(a) and, therefore, that a defendant cannot be subject to multiple punishments under both § 841(a)(1) and § 860(a) for the same conduct. *United States v. Jones*, 489 F.3d 243, 254 (6th Cir. 2007); *see also United States v. Jackson*, 443 F.3d 293, 301-02 (3d Cir. 2006); *United States v. Carpenter*, 422 F.3d 738, 747 (8th Cir. 2005). Respondent concedes that the facts in Movant's case are "not meaningfully distinguishable" from the facts in *Jones*. (Dkt. No. 17, Resp't's Answer to Am. Mot. 6 n.2.) Respondent also concedes that at the time of Movant's sentence and appeal there existed persuasive precedent in other jurisdictions that being subject to multiple punishments under §§ 841(a)(1) and 860(a) violates the Double Jeopardy Clause. *See, e.g.*, *United States v. White*, 240 F.3d 127, 132-33 (2d Cir. 2001); *United States v. Kakatin*, 214 F.3d 1049, 1051 (9th Cir. 2000); *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1507 (11th Cir. 1993); *United States v. Scott*, 987 F.2d 261, 266-67 (5th Cir. 1993).

Nevertheless, Respondent argues that, because *Jones* was decided after Movant's trial, conviction, and appeal, the performance of Movant's counsel could not have been objectively unreasonable for failing to anticipate a "change" or "subsequent development" in the law of the Sixth Circuit, citing *Green v. United States*, 65 F.3d 546 (6th Cir. 1995); *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (counsel not deficient for failing to anticipate *Apprendi*); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) (counsel not deficient for failing to "foresee future new developments in the law"); *United States v. Fuller*, 398 F.3d 644, 651 n.4 (7th Cir. 2005) (noting that counsel cannot be ineffective for failing to anticipate *Apprendi*, *Blakely,* and *Booker*). While a search of controlling law in the Sixth Circuit prior to *Jones* may not have identified a ruling on the specific double-jeopardy problem at issue, the Sixth Circuit's opinion in *Jones* did not "change" or "expand" existing law. *Jones* did not overrule prior precedent or announce a new legal principle, nor did it bring about a novel development in the law akin to the Supreme Court's decisions in *Booker* and *Blakely*. In *Green*, the Sixth Circuit declined to find ineffective assistance where persuasive authority from the Fifth Circuit existing at the time of the defendant's sentencing was later rejected by the Sixth Circuit. 65 F.3d at 551. This is not such a case. Respondent has not offered any controlling or persuasive authority from any jurisdiction that had looked at the double-jeopardy issue raised by Movant and decided it differently prior to *Jones*. Instead of changing or expanding the law, the Sixth Circuit's opinion in *Jones* applied a rudimentary principle of Constitutional law to the facts of the case. Movant's counsel should

18

have done the same, and the Court can perceive no possible strategic reason for failure to do so. *See Strickland*, 466 U.S. at 681 (noting that strategic choices by counsel made after substantial investigation will rarely be found wanting).

Finally, the Court notes that none of the parties hinted at the possibility of a double-jeopardy issue at any time during the criminal proceedings, and, by the Court's estimation, Movant's counsel performed admirably on behalf of her client in other respects. Thus, while the conduct of Movant's counsel was not so egregious as to be sanctionable, the Court finds that trial counsel's failure to identify this technical issue was sufficiently unreasonable to satisfy the performance prong of ineffectiveness under *Strickland*.

With respect to the prejudice prong of *Strickland*, while the Court is not entirely convinced that Movant can make the requisite showing of prejudice,[4] because the government concedes in its answer that Movant has shown prejudice, the Court will assume that such a showing has been made for purposes of this motion.

## IV. Conclusion

For the foregoing reasons, the Court will deny Movant's motion with respect to all claims other than the claim of ineffective assistance of counsel for failure to raise the issue of double jeopardy. The remedy for Movant's double-jeopardy claim is to vacate Movant's conviction for the lesser-included offense in Count 1 and enter a corrected judgment. *See*

---

[4]*See Green v. United States*, 65 F.3d 546 (6th Cir. 1995) (holding that a habeas petitioner could not show prejudice under *Strickland* when challenging the shorter of two concurrent sentences). *But cf. Jones*, 489 F.3d at 254-55 (noting, on direct appeal, the "adverse collateral consequences" of multiple convictions).

*Jones*, 489 F.3d at 254-55.  Accordingly, the Court will issue a new judgment in the criminal action vacating the conviction and sentence for the lesser-included offense in Count 1, including the term of imprisonment and supervised release, as well as the $100 assessment on that count.  Movant's $10,000 fine, which is below the Guidelines range and is well below the statutory maximum under 21 U.S.C. § 841(b)(1)(A), will remain the same.  Movant's life sentence without parole, term of supervised release, and special assessment under Count 2 will also remain the same.

An order will be entered that is consistent with this opinion.

Dated: September 30, 2009	/s/ Robert Holmes Bell
	ROBERT HOLMES BELL
	UNITED STATES DISTRICT JUDGE