UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN FUDGE #11794-040,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:06-CV-695

HON. ROBERT HOLMES BELL

# MEMORANDUM OPINION & ORDER

Before the Court is Movant Melvin Fudge's motion for a certificate of appealability (Dkt. No. 32) and Movant's motion to proceed on appeal without prepayment of fees (Dkt. No. 34). The Court granted in part Movant's motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255, on September 30, 2009, and issued an order denying a certificate of appealability on October 9, 2009. Subsequently, Movant filed the instant motions, as well as a notice of appeal to the Court of Appeals for the Sixth Circuit. (Dkt. No. 33.)

**I.**

As to Movant's motion for a certificate of appealability, the Court construes it as a motion for reconsideration of the Court's previous denial of a certificate. (Dkt. No. 31.) According to the local court rules for the Western District of Michigan, on a motion for reconsideration the movant must demonstrate a "palpable defect" by which the Court has been mislead and show that a "different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). Movant fails to make this showing. Movant contends that the Court erred in issuing a "blanket denial" prior to his application for a certificate of appealability and failed to provide sufficient analysis supporting the denial, both in violation of the holding in *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). As to the first issue, the Court is permitted to rule on a certificate of appealability prior to an application for one, as indicated in *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). As to the second issue, Movant has not shown that a different disposition is required because he has not shown that he is entitled to a certificate.

According to his motion, Movant intends to present the following issues for appeal: (1) Court error in denying his motion to amend his § 2255 motion, (2) Court error in denying a certificate of appealability, (3) Court error in vacating the conviction for the lesser-included offense in Count 1 of his judgment and sentence rather than the conviction in Count 2, (4) ineffective assistance of counsel in failing to move for a *Franks* hearing, (5) ineffective assistance of counsel in failing to make *Booker* objections to the mandatory life sentence in

Count 2, (6) denial of due process by the alleged use of perjured testimony at Movant's trial, and (7) violation of the Eighth Amendment with respect to Movant's life sentence.

In evaluating whether to grant a certificate of appealability, the Court must review Movant's claims under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. For claims that the Court denied on procedural grounds without reaching the merits, Movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the [Court] was correct in its procedural ruling." *Id.*

As to issue (1), the Court denied the motion to amend to add one of Movant's proposed claims after examining the merits of the claim and determining that amendment would be futile. The proposed claim asserted that Movant's counsel was ineffective for not objecting to an alleged error in the judgment and sentence in Count 2. (Dkt. No. 14, 05/14/2007 Op. 4-5.) The Court determined that, even if there was an error in the judgment, this error would not affect his life sentence. (*Id.* at 7.) In ruling on a motion for reconsideration, the Court determined that there was no error in the judgment and sentence in Count 2. (Dkt. No. 26, 09/30/2009 Memorandum Op. & Order 3-4.) Thus, in two separate opinions, the Court found two separate grounds for determining that adding this claim by amendment to the § 2255 motion would be futile. Movant has not made the

"substantial showing" required for a certificate of appealability as to this issue. 28 U.S.C. § 2253(c)(2).

As to issue (2), Movant's challenge to the Court's previous denial of a certificate of appealability is addressed in this memorandum opinion. Issue (3) is without merit because vacation of the conviction for the lesser-included offense is the proper remedy for a double-jeopardy violation, as the Court stated in its opinion and as Movant concedes in his motion. (Dkt. No. 32, Mot. for Certificate of Appealability 10.) Similarly, issues (4) through (7) are without merit for the multiple reasons stated by the Court in its opinion resolving the § 2255 motion. (Dkt. No. 27.) A reasonable jurist would not find the Court's assessment of the foregoing claims "debatable or wrong." *See Slack*, 529 U.S. at 484.

As to issue (8), the Court of Appeals for the Sixth Circuit has, on several occasions, affirmed the constitutionality of a mandatory life sentence for a drug offense, most recently in *United States v. Wimbley*, 553 F.3d 455 (6th Cir. 2009). *See also United States v. Hill*, 30 F.3d 48 (6th Cir. 1994). Movant fails to demonstrate that the Court's assessment of his Eighth Amendment claim could be considered "debatable or wrong" by a reasonable jurist.

For the foregoing reasons, therefore, Movant has not made the "substantial showing" required for a certificate of appealability, and the Court affirms its previous denial of a certificate. *See* 28 U.S.C. § 2253(c)(2).

## II.

With respect to Movant's motion to proceed on appeal without prepayment of fees,

Rule 24(a) of the Federal Rules of Appellate Procedure requires Movant to file with the district court an affidavit detailing his inability to pay or give security for fees and costs in the detail prescribed by Form 4 of the Appendix of Forms, as well as a statement of issues that Movant intends to present on appeal. Movant has filed an affidavit and a statement of his prison accounts that are substantially in compliance with Rule 24(a).[1] The foregoing establish Movant's inability to pay. The Court notes that the mandatory fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief. *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion for a certificate of appealability (Dkt. No. 32), construed as a motion for reconsideration, is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motion to proceed *in forma pauperis* on appeal without prepayment of fees (Dkt. No. 34) is **GRANTED**.

Dated: December 3, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court assumes that Movant's issues on appeal are those referenced in his motion for a certificate of appealability.